UNITED STATES of America,
Plaintiff-Appellee,

v.

Brad Simon BABICH, Defendant-
Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

James M. JOHNSON, Defendant-
Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

John T. SPANN, Defendant-Appellant.

Nos. 72-2744, 72-2697 and 72-2698.

United States Court of Appeals,
Ninth Circuit.

April 5, 1973.

Rehearing Denied May 8, 1973.

Harry E. Claiborne (argued), Oscar
B. Goodman (appeared), Las Vegas,
Nev., for defendant-appellant Johnson.

Douglas G. Lohse (argued), Lohse &
Lohse, Reno, Nev., for defendant-appel-
lant Spann.

Harry E. Claiborne (argued), Las
Vegas, Nev., for defendant-appellant
Babich.

Lawrence J. Semenza, Asst. U. S.
Atty. (argued), V. DeVoe Heaton, U. S.
Atty., Las Vegas, Nev., Charles J. Fan-
ning, Asst. U. S. Atty., Chief of South-
west Unit, San Diego, Cal., for the Unit-
ed States.

Before MERRILL and KOELSCH,
Circuit Judges, and SOLOMON,* Dis-
trict Judge.

MERRILL, Circuit Judge:

Appellants were convicted of conspir-
acy to import narcotics. The sole issue
on appeal [1] is the sufficiency of an affi-
davit given in support of a search war-
rant. The validity of the warranted
search is thus brought in question.

On August 4, 1971, an agent of the Ne-
vada Department of Fish and Game dis-
covered an airplane burning in a dry lake
bed in Lander County Nevada. He ra-

---

* Honorable Gus J. Solomon, United States
District Judge for the District of Oregon,
sitting by designation.

1. Other issues were argued which we do
not find it necessary to reach.

dioed his warden, who notified the sheriff of Lander County in Battle Mountain, who, in turn, called his deputy in Austin. The deputy and the warden then joined the Fish and Game agent at the scene and investigated the aircraft. The deputy returned to Austin and notified the Federal Bureau of Investigation and the Federal Aviation Administration. The following day an agent of the FBI and an agent of the FAA, accompanied by two deputy sheriffs, visited the scene and investigated the aircraft. They followed tracks leading from the scene and about two-and-one-half miles away came upon a deserted camper truck mired in mud. The back door was open and they could see a number of white sacks with Spanish words printed on them. From the interior came a strong smell of marijuana. Exercising admirable restraint, they decided to secure a search warrant. A deputy was left with the truck. The other returned to Austin where he telephoned to the sheriff and district attorney at Battle Mountain, reporting on the results of the investigations of aircraft and truck. An affidavit was then prepared by the district attorney and signed by the sheriff. In reliance on the affidavit a search warrant was issued by the justice of the peace in Battle Mountain. The sheriff returned to the mired truck at about midnight and the following day the truck was searched and marijuana was recovered.

The District Court, 347 F.Supp. 157, denied a motion to suppress and following trial and judgment of conviction this appeal was taken.

The affidavit given by the sheriff to the justice of the peace read as follows:

"George E. Schwin, being first duly sworn, deposes and says on information and belief:

1. Affiant has received reports of large-scale narcotics drops being made in southern Lander County.

2. That on or about August 4, 1971, an aircraft was observed burning in a Dry Lake near Grass Valley in Lander County and investigation showed the fire to be of incendiary origin. Investigation also showed a portion of the unburned part of the aircraft cabin to contain small quantities of what appeared to be a dangerous drug, to-wit marijuana.

3. That the type of aircraft involved had sufficient fuel capacity and carrying capacity to be used for large-scale transportation or importation of marijuana or other illicit drugs, and the quantity of gas in the aircraft fuel tanks indicated that a flight had been made of approximately 1000 miles, which distance is sufficient to represent a flight from Mexico. That the aircraft had been stripped of cargo and tire tracks led from the location on the dry lake where the aircraft had disabled its landing gear.

4. That investigation further showed that the disablement of said aircraft occurred on landing and the tire tracks aforesaid led to a 1960 White International Pickup. Lic. No. WA 0882, 1971 License sticker No. 927641.

5. That earlier reports of a vehicle or vehicles traveling in the area round the time the aircraft was discovered indicated a Washoe County tag.

6. That there is in said vehicle, and apparent from external inspection several bags, plastic, of the sort used to transport marijuana and said bags contain what appears to be Mexican writing thereon.

7. That said bags, if marijuana, would contain approximately 200 pounds of said drug and said drug in that condition emits a characteristic sweet smell such as the odor coming from said pickup.

8. Said pickup and the contents thereof therefore constitute evidence that shows or tends to show that a public offense has been committed or that the above named defendants or others committed a public offense.

Wherefore, affiant asks that a search warrant be issued for the above named 1960 White International

Pickup and its camper and the environs of the downed aircraft and camper for marijuana or other dangerous drugs, any paraphernalia used in connection therewith and for any .firearms or other equipment used or useful in the distribution and dissemination of dangerous drugs.

/s/ GEORGE E. SCHWIN
George E. Schwin"

Relying upon Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), appellants attack the sufficiency of the affidavit upon the ground that it is entirely given upon information and belief and fails to disclose the identity of the informant and the basis for a belief that he was reliable.

In denying motion to suppress the District Court stated:

"I think it is apparent and implied in this affidavit that the information came to this affiant from other law enforcement officers who were engaged in an investigation."

We agree. In United States v. Ventresca, 380 U.S. 102, 111, 85 S.Ct. 741, 747, 13 L.Ed.2d 684 (1965), the Court stated:

" * * * upon reading the affidavit as a whole, it becomes clear that the detailed observations recounted in the affidavit cannot fairly be regarded as having been made in any significant part by persons other than full-time Investigators of the Alcohol and Tobacco Tax Division of the Internal Revenue Service. Observations of fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number."

In Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), the Court found detail lacking in the affidavit; but at the same time the Court pointed to Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959), as a case where "A magistrate, when confronted with such detail, could reasonably infer that the informant had gained his information in a reliable

way." Spinelli v. United States, 393 U.S. 410, 417, 89 S.Ct. 584, 589 (1969).

Here the nature and detail of the disclosures of the "investigation"—as to the incendiary origin of the aircraft fire, as to the nature of the disablement of the aircraft, as to its fuel and carrying capacity, and the quantity of fuel in its tank—all strongly indicate that the investigation was official.

Judgment affirmed.